UNITED STATES DISTRICT COURT OF MARYLAND
CIVIL DIVISION

DR. HOWARD EISENBERG *
2501 Hal Circle *
Baltimore, MD 21209 *
*
Plaintiff *
*
* Civil Action No. **1:09-cv-03393-RDB**
*
*
OCWEN LOAN SERVICING, L.L.C*
2711 CENTERVILLE RD *
STE 400 *
WILMINGTON, DE 19808 *
*
Defendant *
*
*
*
*
****************************************************************************

AMENDED COMPLAINT

Comes the Plaintiff, by and through counsel, and demands judgment against Defendant Ocwen Loan Servicing, L.L.C., and for cause of action states as follows:

1. Plaintiff maintained the mortgage on his home through Defendant and/or its affiliate company. Plaintiff had regularly made his monthly mortgage payments electronically via Defendant's website.

2. In January, 2008, Plaintiff received an unsolicited offer to enter into a Loan Modification Agreement, in order to convert his adjustable rate mortgage to a fixed rate mortgage at the rate of 8.5%.

3. The loan modification agreement contained language requiring his acknowledgment

that he had been late in paying his previous mortgage payments. His records indicate that he had never been late in making previous mortgage payments. Therefore, he was unwilling to sign the document. Following several communications with defendant's representatives, defendant's representative confirmed that Plaintiff had never been late with a payment. Plaintiff advised defendant that he would cross off the language erroneously stating that Plaintiff had been late in making prior payments, unless Defendant forwarded corrected documents for his signature. Defendant's representative merely instructed Plaintiff to sign the documents as provided, and told Plaintiff that no one would ever read the offensive language anyway

Plaintiff crossed off the offensive language, initialed the changes, signed the Loan Modification Agreement, and forwarded a check in the amount of $2,981.59, and a cover letter which stated that cashing of the check indicated acceptance of the Loan Modification Agreement, which included the deleted language. The check was cashed.

4. In February, 2008, Plaintiff received written and verbal instructions to begin paying the reduced monthly mortgage payment of $2,981.59 under the terms of the Loan Modification Agreement. This payment was approximately $392.95 per month less than the original loan payment of $3,364.54.

5. In March, 2008, Plaintiff reviewed the account details on defendant's internet site. His account statement did not reflect the reduced monthly payment or the new interest rate. Dr. Eisenberg called defendant's office, and was informed by Defendant's representatives that the changes would be made once the Plaintiff's paperwork was processed. Plaintiff was then told that his loan modification paperwork had not been received. He knew this was untrue, as the paperwork was attached to the initial check, which had been cashed. Nevertheless, he faxed

another copy of the signed agreement.

6. From April, 2008 through July, 2008, Plaintiff received monthly late notices, which included statements of monthly late fees. He contacted defendant's offices at least monthly, and each time was told that his account would be updated once the paperwork was processed. However, the written late fee notices continued, and accumulated each month.

7. Concerned by the continued late notices, Plaintiff checked his credit score, through his subscription to Privacy Guard. He learned that defendant had reported him as being one month late on his mortgage payment in April, 2008.

8. Plaintiff immediately wrote to defendant and called numerous times to complain. On two separate occasions, defendant's representatives informed Plaintiff that his paperwork had never been received. Plaintiff again faxed copies after each of these calls and filed a complaint with the Company ombudsman due to the continued loss of paperwork and erroneous reporting of late payments.

9. In July, 2008, defendant responded in writing indicating that it had corrected its records and rescinded the late payment report. However, the failure to process the loan modification paperwork was not addressed.

10. Defendant's representative acknowledged that a problem existed with the language in the original signed Loan Modification Agreement and forwarded a new and modified Loan Modification Agreement. This new document omitted the original language which erroneously indicated that Plaintiff had made prior late payments. Plaintiff signed the modified Loan Modification Agreement and returned it after receiving assurances that his account would be reviewed and corrected.

11. Subsequently in July, 2008, defendant sent a notice to Plaintiff that his account was approximately $3,000 in arrears. Plaintiff learned that the $3,000 was composed of alleged arrears accumulating at the rate of $382.95 per month (the difference between the amount of Plaintiff's original mortgage payment and the amount of the modified loan amount) plus late fees for at least six months. This occurred because defendant failed to process the agreed modified amount, and incorrectly continued charging Plaintiff at the rate of the original loan amount. To avoid further mistakes and negligence by defendant which further threatened his credit rating, Plaintiff began monthly making payments of the amount required by the original loan agreement, and paid the amount allegedly in arrears, including the erroneous late fees. Plaintiff made all payments electronically via defendant's website.

12. In October, 2008, defendant informed Plaintiff that the revised Loan Modification Agreement had been rejected because too much time had passed since the original offer was made.

13. Defendant also advised Plaintiff that he was being charged monthly late fees because defendant's records continued to erroneously indicate that Plaintiff's payments were more than one month in arrears, even though he had made every payment on time, and in the correct amount.

14. In November, 2008, defendant again reported to the credit bureaus that Plaintiff was late in paying his mortgage. Defendant again failed to acknowledge its errors or respond to Plaintiff's complaints.

15. In December, 2008, Plaintiff received new Loan Modification Agreement documents. However, he rejected these documents because they contained specific language which provided

that he would relinquish all legal rights to pursue remedies for defendant's prior negligent and fraudulent dealings. Plaintiff refused to sign these documents, and communicated both in writing, and spoke on the phone at least three times each month with defendant's representatives, attempting to obtain a loan modification agreement without this offensive language.

16. From January through March, 2009, defendant refused and failed to provide a written response to Plaintiff's concerns or complaints. During this period of time, Defendant's representative reviewed Plaintiff's account, and confirmed orally that Plaintiff had never been late in making a payment. Rather than offering to assist Plaintiff, the representative merely suggested that he write to defendant once again seeking redress.

17. Then in March, 2009, defendant's representative informed Plaintiff that he had overpaid his mortgage in January, 2009. As a result, Plaintiff was told that a March payment of less than $2,000 was due. Plaintiff paid $2,000, and then learned that defendant recorded the payment as insufficient and charged an additional late fee. Plaintiff then retracted the payment, and forwarded payment of the corrected amount prior to the end of March. Shortly thereafter, Defendant notified Plaintiff by certified mail that his account was two months late and his home was in danger of foreclosure. Plaintiff paid the indicated late fees, although Plaintiff contested such fees, in order to avoid the threatened foreclosure action

18. Defendant had the duty to treat Plaintiff in a professional and honest manner. Defendant had the further duty to process Plaintiff's Loan Modification Agreement as promised, to charged Plaintiff the appropriate amounts, to properly account for payments made, to correct its errors in a timely manner once discovered, to refrain from falsely and/or erroneously reporting Plaintiff to the credit bureaus, to offer loan modification agreements which do not contain false

accusations of prior late payments, and to offer loan modification agreements which do not contain language causing Plaintiff to relinquish his legal rights to pursue claims based on defendant's negligence and/or fraud.

COUNT I
BREACH OF CONTRACT

Plaintiff incorporates all allegations contained in paragraphs one through eighteen above and further alleges:

19. Plaintiff entered into a contract with defendant for a Loan Modification Agreement. Defendant breached its contract by unilaterally negating the contract, charging plaintiff amounts in excess of the agreement, charging plaintiff erroneous late fees for alleged arrears, failing to correct its errors after constant and repeated requests and acknowledgments of error, and reporting plaintiff to credit bureaus due to its failure to properly account for plaintiff's payments.

WHEREFORE, Plaintiff Howard Eisenberg demands judgment against Defendant Ocwen Loan Servicing, L.L.C. in the fair and just amount of $250,00.00, plus costs, interest in attorneys fees.

COUNT II
PUNITIVE DAMAGES

Plaintiff incorporates all allegations contained in paragraphs one through 19 above and further alleges:

20. Defendant, by and through its representatives, purposefully created and acted upon a plan in order to place plaintiff's mortgage payments in arrears, and thereby charge additional late fees.

21. Defendant, by and through its representatives, purposefully and deliberately planned

to force plaintiff to sign an adhesive loan modification agreement which would erroneously confirm that plaintiff had been in arrears in making prior mortgage payments, and later attempted to force plaintiff to sign an adhesive loan modification agreement precluding plaintiff from seeking his legal rights and remedies caused by defendant's negligence and fraud. Defendant, by and through its representatives, purposefully concocted a plan in order to place plaintiff's mortgage payments in arrears, and thereby charge additional late fees.

22. Such conduct was done with deliberation and intent, with actual malice directed toward plaintiff, with the intent to cause plaintiff to incur late fees and penalties, and with the intent to preclude plaintiff from seeking legal rights and remedies. Defendant's continuous and unrelenting conduct described herein represents a plan and methodology to purposefully damage plaintiff. Such wanton and willful conduct is beyond that which society should tolerate, and supports a claim for punitive damages.

WHEREFORE, Plaintiff Dr. Howard Eisenberg demands judgment against Defendant Ocwen Loan Servicing, L.L.C. in the amount of $3,000,000 in punitive damages, plus costs, interest and attorney fees..

COUNT III

Plaintiff incorporates all allegations contained in paragraphs 1 through 22 above and further alleges:

23. Defendant violated The Maryland Mortgage Fraud Protection Act, Md. Ann. Code, Art. 26, §7-401, et seq. (2008). Throughout the loan process as described in Counts I and II, Defendant intentionally acted to defraud Plaintiff, by:

a. purposefully failing to process Plaintiff's loan applications,

b. erroneously determining that Plaintiff was in arrears on his mortgage payments, and thereby charging significant late fees and/or interest,

c. purposefully damaging Plaintiff's credit rating by reporting the erroneous late payments to credit agencies,

d. purposefully including false information on the initial Loan Modification Agreement indicating that Plaintiff had been in arrears in making prior mortgage payments, and

e. attempting to coerce Plaintiff to sign a second Loan Modification Agrement application which contained language releasing Defendant from liability for its negligent and fraudulent conduct describe herein.

24. Plaintiff is a "homeowner" and is thereby covered under The Maryland Mortgage Fraud Protection Act, Id., at §7-401(c).

25. §7-401(d) defines "Mortgage fraud" as any "action by a person made with the intent to defraud that involves:

(1) Knowingly making any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

(2) Knowingly using or facilitating the use of any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;."

26. §7-406 provides that attorneys fees and treble damages may be awarded for violations of the Act.

27. Defendant knowingly and purposefully attempted to defraud Plaintiff through the actions

herein described. Defendant deliberately and/or with wanton recklessness made misrepresentations leading Plaintiff to be wrongfully charged and pay interest and late fees, and to suffer damage to his credit rating, resulting in significant financial losses, all in violation of The Maryland Fraud Protection Act.

28. As a result of Defendant's violation of The Maryland Mortgage Fraud Protection Act, Plaintiff has suffered significant damages, including but not limited to payment of late fees and interest, increased mortgage payment amounts above the amount guaranteed in the Loan Modification Agreement, damage to his credit rating and in general, financial losses due to his loss of good credit.

WHEREFORE, Plaintiff Dr. Howard Eisenberg demands judgment against Defendant Ocwen Loan Servicing, L.L.C. in the amount of $500,000 in damages, treble damages, plus costs, interest and attorney fees.

Respectfully submitted,

Lloyd J. Eisenberg, Esquire, Federal Bar No. 07655
LLOYD J. EISENBERG & ASSOCIATES
10632 Little Patuxent Parkway, Suite 430
Columbia, MD 21044
(301)596-3636

JURY DEMAND

Plaintiff demands trial by jury.

Lloyd J. Eisenberg, Esquire